IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-122-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONNIE JEREMY THOMPSON | ) | |

On May 30, 2017, defendant, Ronnie Thompson, pleaded guilty pursuant to a plea agreement to counts one and four of the superseding indictment charging him with conspiracy to violate the Animal Welfare Act in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156 and sponsoring and exhibiting an animal in an animal fighting venture in violation of 7 U.S.C. § 2156(a)(1). Prior to sentencing, the government moved for an upward departure and/or variance from Thompson's advisory Sentencing Guidelines range pursuant to Application Note 2 of U.S.S.G. § 2E3.1 due to Thompson's extreme cruelty to dogs and animal fighting on an exceptional scale and pursuant to U.S.S.G. § 5K2.21 for dismissed and uncharged conduct. Thompson appeared before the Court for sentencing on December 22, 2017, at Raleigh, North Carolina and was sentenced to a total term of forty-eight months' imprisonment. The Court makes the following findings in support of its sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's United States Sentencing Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the

factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court determined that Thompson's advisory Sentencing Guidelines range was twenty-four to thirty months' imprisonment as calculated by the United

---

[1] The factors set forth in § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

2

States Probation Office. Neither Thompson nor the government offered any objections to the Guidelines range finding. The Court finds the Presentence Investigation Report ("PSR") to be credible and hereby adopts the findings therein. Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that an upward variance sentence is appropriate. The government's motion for upward variance [DE 348] is GRANTED.

Thompson is a long-time trainer, conditioner, and sponsor of pit bull dogs for fighting. Thompson was the sponsor or trainer of three dogs involved in three different fights which were surveilled by law enforcement in this case. The fights typically lasted close to two hours and at least one losing dog died from injuries sustained during the fight.

Thirty-two pit bull type dogs were seized from property where Thompson was living,[2] and twenty-four of those dogs had to be euthanized because they could not be safely placed in other homes. Inside Thompson's home, a female pit bull and her new litter were contained in a single crate covered in feces and roundworms. Evidence seized on execution of the search warrant included training chains and heavy collars used to condition dogs, break sticks, medical supplies, and steroids commonly used to condition dogs. The dogs located at this property were housed in extremely poor conditions, many dogs were found to be severely underweight, and many had suffered serious injuries as an apparent result of fighting, including one dog which had lost a leg. Even some of the youngest puppies seized from this property exhibited fearsomely aggressive behavior when analyzed by staff of the American Society for the Prevention of Cruelty to Animals.

---

[2] Thompson and his co-defendant Aaron Richardson both resided at this property at the time of the execution of the search warrant.

After considering the defendant's individual circumstances and the facts of this case, the Court holds that upwardly variant sentence of forty-eight months' imprisonment is appropriate and reasonable. The applicable advisory Guidelines range of twenty-four to thirty months' imprisonment woefully underrepresents the seriousness of the dog fighting venture that is the subject of this case and would fail to provide a sufficient and just punishment for Thompson or a sufficient deterrent for this defendant or others to refrain from dog fighting in the future. Thompson fits in to the heartland of Application Note 2 to U.S.S.G. § 2E3.2, which notes that an upward departure may be warranted where a defendant exhibits extraordinary cruelty or involves a large number of animals. An above-Guidelines range sentence would better reflect the nature of this particular offense, which involved dogs being kept in deplorable conditions as well as a large number of dogs being kept for fighting, and would better account for the nature and characteristics of Thompson, who by his own admission was involved in dog fighting purely for the money. The Court has further taken into account Thompson's statements at sentencing, during which he expressed remorse for his actions.

In sum, the Court finds that an eighteen-month increase from the top of Thompson's Guidelines range is sufficient but not greater than necessary to achieve the goals of sentencing. Such a sentence is further proportional and would avoid disparity with the sentences of Thompson's co-defendants. Accordingly, Thompson is sentenced to a total term of forty-eight months' imprisonment. The remaining provisions of the Court's judgment as announced at sentencing remain unchanged.

SO ORDERED, this 27 day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4